UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

JOSH MORRIS,

        Plaintiff,

  v.

WALGREEN OSHKOSH, INC., a Wisconsin business corporation,

        Defendant.

Case No. 3:14-cv-01718-ST

OPINION AND ORDER

**STEWART, Magistrate Judge:**

## INTRODUCTION

Based on the jury verdict, a Judgment was entered on February 4, 2016, awarding the sum of $4,386,817 to plaintiff, which included an award of $3,385,240 for impaired earning capacity. Pursuant to FRCP 50(b), defendant has filed a Renewed Motion for Judgment as Matter of Law on the ground that plaintiff did not adduce substantial evidence on which the jury could base an award of damages for impaired earning capacity. In addition, pursuant to FRCP 59(a), defendant has filed an Alternative Motion for New Trial on the grounds that: (1) the damages the jury awarded for impaired earning capacity were excessive and against the clear weight of the evidence; and (2) the exclusion of evidence regarding Dr. Kellogg's 2005 disciplinary history was erroneous and substantially prejudiced defendant. In the alternative to

the grant of a new trial, defendant also has filed a Motion for Remittitur asking the court to condition the denial of the motion for new trial on a reduction of the jury's damages award to $951,577 because the amount the jury awarded for impaired earning capacity was not supported by the evidence. For the reasons stated at the hearing on April 15, 2016, and below, those motions are denied.

## STANDARDS

### I. Motion for Judgment as a Matter of Law

Pursuant to FRCP 50(a), a court should render judgment as a matter of law when "a party has been fully heard on an issue during a jury trial, and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." If the court does not grant the motion, the movant can file a renewed motion for judgment as a matter of law within 28 days after the jury is discharged. FRCP 50(b). The trial court can set aside the jury verdict and grant judgment as a matter of law if "the evidence, construed in the light most favorable to the nonmoving party permits only one reasonable conclusion" contrary to the verdict. *Acosta v. City of Costa Mesa*, 718 F3d 800, 828 (9th Cir 2013).

The Supreme Court has set forth the following standard for the court to apply when a losing party moves to set aside a jury verdict:

> [I]n entertaining a motion for judgment as a matter of law, the court should review all of the evidence in the record. In doing so, however, the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe. That is, the court should give credence to the evidence favoring the nonmovant as well as that "evidence supporting the moving party that is uncontradicted and

2 – OPINION AND ORDER

> unimpeached, at least to the extent that evidence comes from disinterested witnesses."

*Reeves v. Sanderson Plumbing Prods., Inc.*, 530 US 133, 150-51 (2000) (citations omitted).

Thus, after reviewing all of the evidence and disregarding all evidence favorable to the moving party except that which the jury is required to believe, the court must ask:

> whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict . . . .

*Anderson v. Liberty Lobby, Inc.*, 477 US 242, 252 (1986).

Contrary to plaintiff's argument, the Ninth Circuit has expressly rejected the contention "that in a diversity action such as this, state, not federal, law should govern the determination of what is sufficient evidence to take a case to the jury." *Browne v. McDonnell Douglas Corp.*, 698 F2d 370, 371 (9th Cir 1982). "*Federal* law decides whether evidence is sufficient to warrant giving a case to the jury." *Id* (citation omitted). Therefore, it is irrelevant what evidence Oregon law allows to defeat a motion for a directed verdict on claims for impaired earning capacity.

## II. Motion for New Trial

The party moving for judgment as a matter of law under FRCP 50(b) may join an alternative motion for a new trial under FRCP 59. Where both motions are before the court following a jury verdict, the court may either "(1) allow judgment on the verdict . . .; (2) order a new trial, or (3) direct the entry of judgment as a matter of law." FRCP 50(b). If the court grants the renewed motion for judgment as a matter of law, then it "must also conditionally rule on any motion for a new trial [and] state the grounds for conditionally granting or denying the motion for the new trial." FRCP 50(c)(1).

3 – OPINION AND ORDER

A new trial may be granted after a jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." FRCP 59(a)(1)(A). Although substantial evidence supporting the verdict bars a judgment as a matter of law, the court has a duty to grant a new trial if the verdict is against the clear weight of the evidence such that the court "is left with the definite and firm conviction that a mistake has been committed" by the jury. *Landes Const. Co., Inc. v. Royal Bank of Canada*, 833 F2d 1365, 1372 (9th Cir 1987) (citations omitted). The court need not presume that the verdict is correct nor view the evidence in the light most favorable to the prevailing party. *Id* at 1371 (citations omitted). Instead, the court must weigh the evidence and assess for itself the credibility of the witnesses with an eye toward preventing "a miscarriage of justice." *Murphy v. City of Long Beach*, 914 F2d 183, 187 (9th Cir 1990).

When a jury's award in a case is challenged as excessive, the role of the trial court is to "determine whether the jury's verdict is within the confines set by state law, and to determine by reference to federal standards developed under Rule 59, whether a new trial or remittitur should be ordered." *Gasperini v. Center for Humanities, Inc.*, 518 US 415, 435 (1996), quoting *Browning-Ferris Inds. of Vt., Inc. Kelko Disposal, Inc.*, 492 US 257, 279 (1989).

### III. Motion for Remittitur

A motion for remittitur of a jury verdict is subject to the same standard as a motion for new trial under FRCP 59.

## ANALYSIS

### I. Impaired Earning Capacity

Defendant argues that the jury's award of $3,385,240 for impaired earning capacity was excessive and either unsupported by substantial evidence (motion for judgment as a matter of

law), against the clear weight of the evidence (motion for new trial) or unsupported by sufficient evidence (motion for remittitur). This argument rests primarily on defendant's view that the testimony of plaintiff's vocational expert, Scott T. Stipes, was based on assumptions that were speculative and/or contradicted by the evidence.

In his testimony, Mr. Stipes presented a standard methodology used by vocational rehabilitation experts for calculating plaintiff's impaired earning capacity. He started with a choice of several pre-injury models based primarily on when plaintiff would retire, the level of his benefits, and whether he would become a supervisor by 2019. Those models produced eight possible damages numbers with ranging from a high of about $8.6 million to a low of about $2.7 million. That number was then reduced by four post-injury models based primarily on when plaintiff would retire and whether he obtained vocational rehabilitation training, ranging from a high of about $1.72 million to a low of about $592,000. The parties agree that the jury's award cannot be computed by simply subtracting one post-injury model from one pre-injury model.

Defendant argues that in his calculations, Mr. Stipes made erroneous assumptions that: (1) plaintiff could not return to work as a longshoreman; (2) container shipping would return to the Port of Portland, and if not, traveling work would be available; (3) plaintiff would have been promoted to foreman; (4) the calculations should be based on plaintiff's last year preceding his injury. Contrary to defendant's argument, each of these assumptions is supported by some evidence as summarized in plaintiff's response and is not simply a figment of Mr. Stipes's imagination. Based on defendant's cross-examination of Mr. Stipes and contrary expert testimony pointing out various defects in these assumptions, the jury may well have rejected one or more of them and adjusted Mr. Stipes's calculations accordingly. Even if the jury rejected all of Mr. Stipes's assumptions, the jury could have applied his methodology to other evidence in

order to calculate an award of impaired earning capacity, namely an exhibit which reveals plaintiff's drop in work hours and income following his injury.  Therefore, this court declines to grant defendant's renewed motion for judgment as a matter of law by rejecting the entirety of Mr. Stipes's testimony.

When weighing the evidence on defendant's motion for a new trial or remittitur, this court agrees with defendant that the jury award for impaired earning capacity is very high.  Nevertheless, this court is not left with a "definite and firm conviction" that the jury made a mistake.  *Landes Const. Co., Inc.*, 833 F2d at 1371.  Although the jury award cannot be directly tied to any of the particular numbers posited by Mr. Stipes, it is neither above nor below the range of possibilities that he presented.  In addition, defendant's own expert, Mr. Berg, conceded that plaintiff has suffered a partial impairment of his earning capacity.  Unfortunately, plaintiff was injured while still in his 30s with a many working years ahead of him in an extremely well-paying line of work at which he had excelled.  Given that he earned $121,000 in 2011 before his injury and assuming that he could have worked for 30 more years and retired as a foremen, the award of $3,385,240 for impaired earning capacity cannot be deemed inherently unreasonable.  Therefore, defendant's alternative motion  for a new trial or for remittitur based on an excessive award of impaired earning capacity is denied.

## II.      Dr. Kellogg's Disciplinary History

Defendant also argues that excluding Dr. Kellogg's 2005 disciplinary history prejudiced defendant to a degree sufficient to warrant a new trial.  As explained by this court when denying defendant's motion in limine, a decade-old failure to make appropriate chart notes, to arrive on time to a surgery, or to engage in the other conduct leading to the 2005 Stipulated Order with the Board of Medical Examiners is simply not relevant to either Dr. Kellogg's competence or his

credibility to testify regarding the extent of plaintiff's injuries and treatment.  Even though Dr. Kellogg also testified as an expert witness regarding the cause of plaintiff's injuries, his prior disciplinary action was properly excluded because its probative value is outweighed by its prejudicial effect.

## **ORDER**

Defendant's Renewed Motion for Judgment as a Matter of Law, Motion for New Trial, and Motion for Remittitur (docket #76) are DENIED.

DATED  April 28, 2016.

s/ Janice M. Stewart<br>
Janice M. Stewart<br>
United States Magistrate Judge